UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:03CV1672 CDP |
| UNION ELECTRIC COMPANY, d/b/a AMEREN UE, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This order deals with the pending motion to compel, the procedure for

handling the condemnation counterclaim, and the schedule for trial. The motion for

summary judgment remains under submission.

## Motion to Compel

Ameren objects to answering the following interrogatory:

State the amount of annual revenue you have received from the lines
located on the subject property and identify any documents that refer to
or have as their subject matter that revenue.

Norfolk states that it has narrowed the request, and only seeks "the amount of

revenues from power provided to Ameren's customers who have electrical wires to

their buildings *from* the lines coming off the 5.7 mile right-of-way (the 12KV

distribution lines [that] provide electricity to retail customers' basically north and

south of the right-of-way)" and not all revenues from any customers who might receive power through the right-of-way from the 34.5 KV distribution lines. I believe that this is a reasonable request, and that it seeks information that is relevant to Norfolk's claims. I will not require Ameren to identify all documents that refer to that revenue, as that could potentially include all revenue documents of the company. Instead it will suffice for Ameren to identify the specific customers who receive power directly from the subject lines, identify the revenue earned from those customers for the time period from June 23, 2001 to the present, and to identify documents sufficient to show the basis for the revenue figures. In granting the motion to compel to this extent I am not ruling in any way on the question of what the proper measure of damages might be for any claim in this case.

## Condemnation Procedure

The parties do not agree on the proper way for the court to determine a value owed by Ameren to Norfolk for the condemnation of its property. Ameren's counterclaim prays for appointment of three disinterested freeholders as commissioners to assess the damages, as set out by the Missouri Rules of Civil Procedure, Rule 86.04. Ameren asserts that the Missouri procedure should be followed, that court should appoint commissioners who will prepare a report as set forth in Rule 86.06, Mo. R. Civ. P., and then, if either party objects to the

commissioners' valuation, to have a jury trial to resolve the issue, as set out in Missouri Rule 86.08. Norfolk indicates that it wants only one proceeding -- either a binding commissioner's award, with no right to exceptions or jury trial, or a jury trial -- but not both. The Missouri procedural rules are not binding on me, of course, but I should give them due weight, since this condemnation/valuation issue is a matter of Missouri law, and this is the type of action that is not normally handled in federal court.

In this case, however, I conclude that following the Missouri commissioner procedure will add undue expense and delay to the case. The condemnation claim is Ameren's counterclaim; the court must hold a jury trial on Norfolk's claims against Ameren no matter what happens on the condemnation. Thus, a jury trial is necessary in any event, and the parties could easily present all their evidence (including any valuation experts) to the same jury in one trial. Delaying that trial for the several months that would be necessary to locate and hire commissioners would serve no purpose, but would increase the cost and delay of the matter.

I will therefore set all issues in this case for jury trial, and will not appoint commissioners to assess the value. The unusual nature of the property right at issue also supports this conclusion: this is not simply a commercial building or a house, and finding impartial commissioners with expertise in placing a value on property

being taken for electrical poles would be difficult and time consuming for the court. I will therefore set all issues in the case for jury trial on the two-week docket beginning **October 31, 2005 at 9:00 a.m.**

Accordingly,

**IT IS HEREBY ORDERED** that Norfolk's motion to compel fact discovery [#42] is granted to the extent stated above.

**IT IS FURTHER ORDERED** that Norfolk's motion to compel expert discovery [#41] is denied as moot.

**IT IS FURTHER ORDERED** that this case is set for jury trial on the two-week docket beginning **October 31, 2005 at 9:00 a.m.** The parties' pretrial submissions are now due twenty days before the new trial setting.

**IT IS FURTHER ORDERED** that if any party seeks to change this trial date, that party must file a motion to do so no later than **July 1, 2005**; any such motion must state that the party seeking the change has consulted with opposing counsel, and must suggest alternative dates that are acceptable to both sides.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2005.